**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4430-15T3

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

v.

K.W., Sr.,

    Defendant-Appellant.

_____

IN THE MATTER OF THE GUARDIANSHIP OF
K.W., Jr., a minor.

_____

Submitted February 28, 2017 — Decided  March 14, 2017

Before Judges Reisner and Sumners.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Ocean County,
Docket No. FG-15-4-15.

Joseph E. Krakora, Public Defender, attorney
for appellant (Beryl Foster-Andres,
Designated Counsel, on the brief).

Christopher S. Porrino, Attorney General,
attorney for respondent (Melissa H. Raksa,
Assistant Attorney General, of counsel; Angela
Melchionna, Deputy Attorney General, on the
brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (James J. Gross, Designated Counsel, on the brief).

PER CURIAM

Defendant K.W., Sr. appeals from a May 31, 2016 Family Part order, terminating his parental rights to his son K.W., Jr., (Keith),[1] who was about three-year-old at the time of the guardianship trial. The order also terminated the parental rights of the mother, D.W., who choose not to appeal. Defendant argues the Division of Child Protection and Permanency (Division) did not prove the required statutory factors by clear and convincing evidence. See N.J.S.A. 30:4C-15.1(a). The Law Guardian supports the termination. After reviewing the record in light of the contentions advanced on appeal, we affirm substantially for the reasons set forth by Judge Joseph L. Foster in his written opinion issued with the order.

The history and evidence are set forth at length in Judge Foster's opinion and need not be repeated here. A brief summary will suffice. Defendant is a registered sex offender as a result of a conviction for unlawful sexual contact with a minor, and was also convicted for failing to register. In addition, he was

---

[1] We use a pseudonym to protect his identity pursuant to Rule 1:38-3(d)(12).

A-4430-15T3

convicted of two other crimes: offensive touching for grabbing and kissing a minor, and child endangerment involving his then girlfriend's five-year-old son. Defendant has mental health issues dating back to his adolescence that have been pinpointed as the cause of episodes of domestic violence. He fathered three other children but did not parent them.

Defendant has never cared for Keith and has no bond with him. Keith was removed from his mother's care and custody upon being released from the hospital after his birth, and since then has remained with his resource parents who are willing to adopt him. Defendant failed to successfully engage in services - counseling for sexual offenses, domestic abuse, mental health, and parenting - offered by the Division in its initial effort to further reunification. Throughout the Division's involvement with Keith, defendant lacked stable and suitable housing. The Division presented uncontroverted expert testimony that defendant did not eliminate his risk of future sexual, physical, or domestic abuse, and he was unable to parent Keith. Following the conclusion of the trial, Judge Foster determined that the Division had proven all four prongs of the best interests test, N.J.S.A. 30:4C-15.1(a), by clear and convincing evidence.

On appeal, defendant presents the following points of argument:

I. THE JUDGE ERRONEOUSLY RULED THAT THE FOUR PRONGS OF THE BEST INTERESTS TEST FAVORED TERMINATION OF PARENTAL RIGHTS BECAUSE K.W. SR. DID NOT HARM HIS SON OR PLACE HIM AT A RISK OF HARM, HAS BEEN CONSISTENT WITH PARENTING TIME AND EXHIBITED APPROPRIATE BEHAVIOR, COMPLIED WITH THERAPY, AND WAS READY TO PARENT, WHILE THE DIVISION NEGLECTED TO OFFER HIM APPROPRIATE PARENTING TIME.

A. The trial judge erroneously ruled that the first prong of the best interests test had been satisfied because K.W. Sr. never harmed his son and was appropriate during his parenting time.

B. The trial judge erroneously ruled that the second prong of the best interests test had been satisfied because K.W. Sr. was compliant with therapy and the Division was required to provide the parents with housing assistance.

C. The trial judge erroneously ruled that the third prong of the best interests test had been satisfied because K.W. Sr. was not offered sufficient parenting time.

D. The trial judge erroneously ruled that the fourth prong of the best interests test had been satisfied because K.W. Sr. was ready to parent.

Those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Judge Foster's decision is supported by substantial credible evidence. See N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448 (2012).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4430-15T3